UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA SCAFARIELLO | : |
| PLAINTIFF | : |
| v. | : NO.: |
| | : (Removed from Superior Court of |
| | : Connecticut, J.D. of Hartford, |
| | : Docket No.: HHD-CV16-6065606-S) |
| MIDLAND FUNDING LLC | : |
| DEFENDANT | : |

## NOTICE OF REMOVAL

To the United States District Court for the District of Connecticut:

Pursuant to 28 U.S.C. §1441(a) and §1446, Defendant Midland Funding LLC ("Midland Funding"), by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker, hereby gives notice that it has removed this action from the Superior Court of Connecticut, Judicial District of Hartford, for the following reasons:

1.     Plaintiff Lisa Scafariello ("Plaintiff") filed a Summons and Complaint in the Superior Court of Connecticut, Judicial District of Hartford, Docket No. HHD-CV-16-6065606-S on January 27, 2016 commencing an action captioned as "LISA SCAFARIELLO v. MIDLAND FUNDING, LLC" (the "Action").

2.     Pursuant to 28 U.S.C. §1446(d), a copy of the Notice of Removal has been filed with the clerk of the state court from which the Action has been removed on or about the date of this Notice.

3.     Pursuant to 28 U.S.C. §1446(a) a true copy of the Summons, Complaint, Return of Service, and Appearance for Midland Funding, which comprise true and complete copies of

1

506370v.1

all pleadings and other documents filed in the state court proceeding, are attached hereto as **Exhibit "A."**

4. This Notice of Removal is timely under 28 U.S.C. §1446(b). Midland Funding was served with the Summons and Complaint by hand at its place of business on January 22, 2016. Therefore, this removal is timely because it is filed within thirty (30) days of receipt of the Summons and Complaint by Midland Funding. Midland Funding is the only defendant in this Action.

5. The District Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as plaintiff's Complaint alleges violations of:

    a. 15 U.S.C. §1692i; and

    b. C.G.S. § 42-110a (Connecticut Unfair Trade Practices Act)

6. Removal of the entire action is proper under 28 U.S.C. §1441(c) which permits removal of actions in which both federal and state law claims are asserted.

WHEREFORE, Defendant Midland Funding LLC prays that the above action now pending in Superior Court of Connecticut, Judicial District of Hartford be removed to this Court.

Dated:  Stamford, Connecticut,

    February 18, 2016

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

By: /s/ Stephen Brown
Stephen Brown (ct19876)
*Attorneys for Defendant*
*Midland Funding LLC*
1010 Washington Boulevard
Stamford, Connecticut 06901
Telephone No. (203) 388-9100
Facsimile No. (203) 388-9101
Stephen.Brown@wilsonelser.com
File No. 10277.00319

## CERTIFICATION

I certify that a copy of this document was mailed or delivered electronically or non-electronically on February 18, 2016 to all attorneys and self-represented parties of record and to all parties who have not appeared in this matter and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Roderick Woods
The Woods Law Firm, LLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Attorney for plaintiff

          By: /s/ Stephen Brown
          Stephen Brown (ct19876)
          *Attorneys for Defendant*
          *Midland Funding LLC*
          1010 Washington Boulevard
          Stamford, Connecticut 06901
          Telephone No.  (203) 388-9100
          Facsimile No. (203) 388-9101
          Stephen.Brown@wilsonelser.com

# Exhibit A

# SUMMONS - CIVIL

JD-CV-1 Rev. 9-14
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

[X] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
[ ] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
[ ] "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, Connecticut 06106 | (860) 548-2700 | February 2, 2016 |

| [X] Judicial District   [ ] Housing Session | G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Hartford | Case type code (See list on page 2) Major: T   Minor: 90 |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| The Woods Law Firm, LLC | 428247 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| (888) 272-2718 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | [X] Yes   [ ] No | Email address for delivery of papers under Section 10-13 (if agreed to) rwoods@rdw-law.com |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Lisa M. Scafariello  Address: 140 Thompson Street, East Haven, Connecticut 06513 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Midland Funding, LLC  Address: 3111 CAMINO DEL RIO NORTH, SUITE 103, SAN DIEGO, CA, 92108 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | [X] Commissioner of the Superior Court  [ ] Assistant Clerk | Name of Person Signing at Left Roderick D. Woods, Esq. | Date signed 01/14/2016 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
**Ms. Beverly H. Garcia, 100 Pearl Street, 14th Floor, Hartford, Connecticut 06103**

| Signed (Official taking recognizance, "X" proper box) | [X] Commissioner of the Superior Court  [ ] Assistant Clerk | Date 01/14/2016 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

RETURN DATE: FEBRUARY 2, 2016

| | |
|---|---|
| LISA M. SCAFARIELLO, | SUPERIOR COURT |
| Plaintiff | J. D. OF HARTFORD |
| vs. | AT HARTFORD |
| MIDLAND FUNDING, LLC, | JANUARY 14, 2016 |
| Defendant | |

## COMPLAINT

1. This is an action by an individual consumer to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as for the Defendant's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), C. G. S. § 42-110a, *et seq.*

2. This Court is a court of competent jurisdiction and has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d).

3. Plaintiff, Lisa M. Scafariello (or "Plaintiff"), is a natural person residing in East Haven, Connecticut as of the time of the commencement of this action and resided in East Haven, Connecticut at all times relevant hereto.

4. Plaintiff is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

5. Upon information and belief and at all times relevant hereto, the principal purpose of Midland Funding, LLC (or "Defendant"), is the collection of debts using the mails and telephone.

6. In fact, Defendant regularly attempts to collect debts to be due to another, including consumer debts in the State of Connecticut and maintains a collection agency license with the Connecticut Department of Banking.

7. Upon information and belief and at all times relevant hereto, Defendant is a limited liability company organized pursuant to the laws of the State of Delaware, with its principal place of business in San Diego, California.

## FACTUAL ALLEGATIONS

8. Beginning on or about July, 2015, Defendant initiated a campaign of harassment against Plaintiff.

9. The aforesaid campaign principally took the form of harassing telephone calls to the Plaintiff's personal cellular telephone, the mailing of a series of dunning letters, and the initiation of a lawsuit against the Plaintiff for an alleged consumer debt allegedly owed to Credit One Bank.

10. On or about July 23, 2015, the Defendant commenced a lawsuit against Plaintiff in small claims court in Middletown, Connecticut to recover monies owed on the alleged Credit One Bank account, an alleged consumer debt.

11. The docket number of the lawsuit is SCC-584139.

12. At the time that the lawsuit was commenced, the Plaintiff was, and remains, a resident of East Haven, Connecticut.

13. The Plaintiff, at all relevant times, was and is a resident of East Haven, Connecticut.

14. The aforesaid collection activities were within the scope of 15 U.S.C. §1692 a

THE WOODS LAW FIRM, LLC
100 PEARL STREET, 14TH FL., HARTFORD, CT 06103
TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER ct29447

(6).

15. Instructively, 15 U.S.C. §1692 i, in relevant part, provides that a debt collector may only bring a lawsuit against a consumer either: "(1) where the contract being sued upon was signed; or, (2) where the consumer resides at the time of the suit." See, 15 U.S.C. §1692 i.

16. The Plaintiff did not sign a contract with Credit One Bank in Middletown, Connecticut or in any town or city within the Middlesex Judicial District. The Plaintiff did not reside in Middletown, Connecticut or in any town or city in the Middlesex Judicial District at the time of the initiation of the lawsuit.

17. As a proximate consequence of Defendant's egregious conduct, coupled with the acts described above, Plaintiff lost wages from employment, lost sleep, suffered headaches, nausea, embarrassment, suffered emotional distress and physical manifestations of emotional distress, and weight loss.

## Claims For Relief

### I. Defendant's Violation of 15 U.S.C. §1692 i

18. Paragraphs 1-17 are re-alleged, as if fully re-stated.

19. Beginning on or about July, 2015, Defendant initiated a campaign of harassment against Plaintiff.

20. The aforesaid campaign principally took the form of harassing telephone calls to the Plaintiff's personal cellular telephone, the mailing of a series of dunning letters, and the initiation of a lawsuit against the Plaintiff for an alleged consumer debt allegedly owed to Credit One Bank.

21. On or about July 23, 2015, the Defendant commenced a lawsuit against Plaintiff in small claims court in Middletown, Connecticut to recover monies owed on the alleged Credit One Bank account, an alleged consumer debt.

22. The docket number of the lawsuit is SCC-584139.

23. At the time that the lawsuit was commenced, the Plaintiff was, and remains, a resident of East Haven, Connecticut.

24. The Plaintiff, at all relevant times, was and is a resident of East Haven, Connecticut.

25. The aforesaid collection activities were within the scope of 15 U.S.C. §1692 a (6).

26. Instructively, 15 U.S.C. §1692 i, in relevant part, provides that a debt collector may only bring a lawsuit against a consumer either: "(1) where the contract being sued upon was signed; or, (2) where the consumer resides at the time of the suit." See, 15 U.S.C. §1692 i.

27. The Plaintiff did not sign a contract with Credit One Bank in Middletown, Connecticut or in any town or city within the Middlesex Judicial District. The Plaintiff did not reside in Middletown, Connecticut or in any town or city in the Middlesex Judicial District at the time of the initiation of the lawsuit.

28. Defendant's conduct, in violating 15 U.S.C. §1692 i constituted a violation of the FDCPA.

29. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA,

and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## II. **Defendant's Violation of the Connecticut Unfair Trade Practices Act**

30. Paragraphs 1-17 are re-alleged as if fully re-stated.

31. Defendant's actions constitute an unfair trade practice, which offends public policy, is immoral, unethical, and unscrupulous in the context of trade or commerce in the State of Connecticut, and which has caused substantial economic injury to the Plaintiff.

32. Defendant's actions constitute a *per se* violation of the Connecticut Unfair Trade Practices Act.

33. Simply, the Defendant engaged in a trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.

34. A copy of this complaint has been forwarded to the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection.

35. By virtue of the aforesaid, the Defendant has violated the Connecticut Unfair Trade Practices Act and is liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

WHEREFORE, the Plaintiff respectfully prays for the following relief:

1. A Declaratory Judgment that Defendant's conduct violated the FDCPA and the Connecticut Unfair Trade Practices Act;
2. An award of nominal and punitive damages and attorney's fees pursuant to the Connecticut Unfair Trade Practices Act as codified in C.G.S. § 42-110a, *et seq.*, as amended;
3. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3);
4. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A);
5. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1);
6. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3);
7. An award of punitive damages;

8. Damages pursuant to the Connecticut Unfair Trade Practices Act;
9. The amount in demand is less than $2,500.00;
10. Such other and further relief as the Court deems just.

I, Roderick D. Woods, Esq., the subscribing authority, hereby certify that I have personal knowledge as to the financial responsibility of the Plaintiff and deem it sufficient to pay the costs in this action.

Of this writ, with your doings thereon, make due service and return.

Dated at Hartford, Connecticut, this 14th day of January, 2016.

                                        THE PLAINTIFF,
                                        LISA M. SCAFARIELLO

Please enter my appearance       By:    s/427612
for the Plaintiff:                              Roderick D. Woods, Esq.

Roderick D. Woods, Esq.
The Woods Law Firm, LLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
(860) 549-6275 (Tel.)
(860) 371-3242 (Fax)
JURIS # 428247
rwoods@rdw-law.com

## AFFIDAVIT OF SERVICE

| Case: | Court: | County: | Job: |
|---|---|---|---|
| N/A | Connecticut Superior Court - Hartford | Hartford, CT | N/A |
| **Plaintiff / Petitioner:** Lisa M. Scafariello | | **Defendant / Respondent:** Midland Funding, LLC | |
| **Received by:** Daniel Arredondo - Process Server | | **For:** Roderick D. Woods, Esq., Attorney for Plaintiff | |
| **To be served upon:** Midland Funding, LLC | | | |

I, Daniel Arredondo, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Tanya Flores, authorized agent at Midland Funding, LLC, 3111 Camino Del Rio North Ste. 103, San Diego, CA 92108

**Manner of Service:** Personal delivery as follows: copy of said documents were personally served on Tanya Flores, Agent at Midland Funding, LLC on Jan 22, 2016, 12:57 pm at 3111 Camino Del Rio North Ste. 103, San Diego, CA 92108

**Documents:** Summons; Complaint

**Additional Comments:**

**Fees:** $55.00

_[signature]_     01/26/2016

Daniel Arredondo                 Date
San Diego County Registered Process
Server #1967

I Serve Papers
4364 Bonita Rd. #258
Bonita, CA 91902
858-255-4070

## APPEARANCE
JD-CL-12 Rev. 1-12
P.B. §§ 3-1 thru 3-6, 3-8, 10-13, 25A-2

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

Instructions — *See Back/Page 2*

### Notice To Self-Represented Parties
*A self-represented party is a person who represents himself or herself.* If you are a self-represented party and you filed an appearance before and you have since changed your address, you must let the court and all attorneys and self-represented parties of record know that you have changed your address by checking the box below:

☐ I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.

Return date: **Feb-02-2016**
Docket number: **HHD-CV-16-6065606**

**Name of case** *(Full name of Plaintiff vs. Full name of Defendant)*
**SCAFARIELLO, LISA  v.  MIDLAND FUNDING, LLC**

[X] Judicial District   [ ] Housing Session   [ ] Small Claims   [ ] Geographic Area number ____

Address of Court: **95 WASHINGTON STREET HARTFORD, CT 06106**

Scheduled Court date (Criminal/Motor Vehicle Matters):

### Please Enter the Appearance of

Name of self-represented party or firm: **WILSON ELSER MOSKOWITZ EDELMAN & DICKER**
Juris number of attorney or firm: **412712**

Mailing Address: **1010 WASHINGTON BLVD 8TH FLOOR**
Post office box:
Telephone number: **203-388-9100**

City/town: **STAMFORD**
State: **CT**
Zip code: **06901**
Fax number: **203-388-9101**
E-mail address: **nicole.cuglietto@wilsonelser.com**

in the case named above for: ("x" one of the following parties; if this is a Family Matters case, also indicate the scope of your appearance)

☐ The Plaintiff (includes the person suing another person).
☐ All Plaintiffs.
☐ The following Plaintiff(s) only: _____
[X] The Defendant (includes the person being sued or charged with a crime).
☐ The Defendant for the purpose of the bail hearing only (in criminal and motor vehicle cases only).
☐ All Defendants.
☐ The following Defendant(s) only: _____
☐ Other (Specify): _____
☐ This is a Family Matters case and my appearance is for: ("x" one or both)
   ☐ matters in the Family Division of the Superior Court   ☐ Title IV-D Child Support matters

Note: If other counsel or a self-represented party has already filed an appearance for the party or parties "x'd" above, put an "x" in box 1 or 2 below:

1. ☐ This appearance is in place of the appearance of the following attorney, firm or self-represented party on file (P.B. Sec. 3-8): _____
   *(Name and Juris Number)*

2. ☐ This appearance is in addition to an appearance already on file.

I agree to accept papers (service) electronically in this case under Practice Book Section 10-13   [X] Yes   ☐ No

Signed: ▶ **432816**
Name of person signing at left: **NICOLE ROSE CUGLIETTO**
Date signed: **Feb 03 2016**

### Certification
I certify that a copy of this document was mailed or delivered electronically or non-electronically on (date) **Feb 03 2016** to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to:
**WOODS LAW FIRM LLC - 100 PEARL STREET/FOURTEENTH FLOOR/HARTFORD, CT 06103**

*For Court Use Only*

Signed (Signature of filer): ▶ **432816**
Print or type name of person signing: **NICOLE ROSE CUGLIETTO**
Date signed: **Feb 03 2016**
Telephone number: **203-388-9100**

*If necessary, attach an additional sheet or sheets with the name of each party and the address which the copy was mailed or delivered to.